FILED: 5/2/2022 9:24 AM
David Trantham
Denton County District Clerk
By: Jennifer Croy, Deputy

22-3415-431

CAUSE NO. _____

| | | |
|---|---|---|
| WAZIR DAREDIA AND WASEEM DAREDIA, | § § § | IN THE JUDICIAL COURT OF |
| *Plaintiffs,* | § § § | |
| V. | § § | DENTON COUNTY, TEXAS |
| AMGUARD INSURANCE COMPANY AND BERKSHIRE HATHAWAY GUARD INSURANCE COMPANY, | § § § § | |
| *Defendants.* | § § § | _____ DISTRICT COURT |

---

### PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Wazir and Waseem Daredia, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of AmGUARD Insurance Company ("AmGUARD") and Berkshire Hathaway Guard Insurance Company ("Berkshire") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2. Plaintiffs, Wazir and Waseem Daredia, reside in Denton County, Texas.

3. Defendant, AmGUARD Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon

AmGUARD, through its registered agent for service listed with the Texas Department of Insurance**: 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Plaintiffs request service at this time.

4. Defendant, Berkshire Hathaway Guard Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Berkshire, through its registered agent for service listed with the Texas Department of Insurance**: 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Plaintiffs request service at this time.

### JURISDICTION

5. The Court has jurisdiction over AmGUARD because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of AmGUARD's business activities in the state, including those in Denton County, Texas, with reference to this specific case.

6. The Court has jurisdiction over Berkshire because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Berkshire's business activities in the state, including those in Fort Bend County, Texas, with reference to this specific case.

### VENUE

7. Venue is proper in Denton County, Texas because the insured property is located in Denton County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Denton County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

### FACTS

Copy from re:SearchTX

8. Plaintiff asserts claims for breach of contract, common law bad faith, fraud, negligence, gross negligence, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9. Plaintiffs own an AmGUARD Insurance Company    insurance policy, number WAHO081489 ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at 5199 Normandy Drive, Frisco, Texas 75034 ("the Property").

10. AmGUARD Insurance Company   or its agent sold the Policy, insuring the Property, to Plaintiffs.  AmGUARD Insurance Company   represented to Plaintiffs that the Policy included hail and windstorm On or about May 4,2020, the Property sustained extensive damage resulting from a severe storm that passed through the Denton County, Texas area.

11. In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to AmGUARD against the Policy for damage to the Property.  AmGUARD assigned claim number GHAG21020127 to Plaintiffs' claim.

12. Plaintiffs asked AmGUARD to cover the cost of damage to the Property pursuant to the Policy.

13. AmGUARD hired or assigned its agent, Rivera, to inspect and adjust the claim.  Rivera conducted an inspection on or about February 22, 2021, according to the information contained in his estimate.  After application of depreciation and $2,500.00 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

14. AmGUARD, through its agent, Rivera, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

Copy from re:SearchTX

15. AmGUARD and Rivera have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. The third-party inspector hired to review the damage to the Property found damage that was completely absent from Rivera's estimate.

16. The damage to Plaintiffs' Property is currently estimated at $78,019.06.

17. Rivera had a vested interest in undervaluing the claims assigned to him by AmGUARD in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Rivera.

18. Furthermore, Rivera was aware of Plaintiffs' deductible prior to inspecting the Property. Rivera had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

19. Rivera misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. Rivera made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

20. After reviewing Plaintiffs' Policy, Rivera misrepresented that the damage was caused by non-covered perils. Rivera used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

21. As stated above, AmGUARD and Rivera improperly and unreasonably adjusted Plaintiffs' claim. Without limitation, AmGUARD and Rivera misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

Copy from re:SearchTX

22. AmGUARD and Rivera made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. AmGUARD and Rivera made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Rivera.

23. Plaintiffs relied on AmGUARD and Rivera's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

24. Upon receipt of the inspection and estimate reports from Rivera, AmGUARD failed to assess the claim thoroughly. Based upon Rivera's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, AmGUARD failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

25. Because AmGUARD and Rivera failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

26. Furthermore, AmGUARD and Rivera failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Rivera performed an unreasonable and substandard inspection that allowed AmGUARD to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

Copy from re:SearchTX

27. AmGUARD and Rivera's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

28. AmGUARD and Rivera's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). AmGUARD and Rivera have failed to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, AmGUARD and Rivera have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

29. AmGUARD and Rivera's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). AmGUARD and Rivera failed to provide Plaintiffs a reasonable explanation for underpayment of the claim.

30. Additionally, after AmGUARD received statutory demand on or about 02/28/2022, AmGUARD has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

31. AmGUARD and Rivera's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Rivera performed a biased and intentionally substandard inspection designed to allow AmGUARD to refuse to provide full coverage to Plaintiffs under the Policy.

Copy from re:SearchTX

32. Specifically, AmGUARD and Rivera performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

33. AmGUARD's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Rivera subpar inspection, AmGUARD failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time after receiving all necessary information.

34. AmGUARD's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Rivera's intentional undervaluation of Plaintiffs' claims, AmGUARD failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Rivera's understatement of the damage to the Property caused AmGUARD to delay full payment of Plaintiffs' claim longer than allowed, and Plaintiffs has not received rightful payment for Plaintiffs' claim.

35. AmGUARD and Rivera's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT AMGUARD INSURANCE COMPANY

36. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

37. AmGUARD is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows,

Copy from re:SearchTX

then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between AmGUARD and Plaintiffs.

38. AmGUARD's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of AmGUARD's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39. AmGUARD's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

40. AmGUARD's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

41. AmGUARD's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though AmGUARD's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

42. AmGUARD's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

Copy from re:SearchTX

43. AmGUARD's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

44. AmGUARD's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

45. AmGUARD's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

46. AmGUARD's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

47. AmGUARD's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though AmGUARD knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48. AmGUARD's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code 17.41−63.  Plaintiffs are a consumer of goods and services provided by AmGUARD pursuant to the DTPA.  Plaintiffs have met

Copy from re:SearchTX

all conditions precedent to bring this cause of action against AmGUARD. Specifically, AmGUARD's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, AmGUARD have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. AmGUARD's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B. AmGUARD represented to Plaintiffs that the Policy and AmGUARD's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C. AmGUARD represented to Plaintiffs that AmGUARD's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. AmGUARD advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. AmGUARD breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. AmGUARD's actions are unconscionable in that AmGUARD took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.

Copy from re:SearchTX

AmGUARD's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G. AmGUARD's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

49. Each of the above-described acts, omissions, and failures of AmGUARD is a producing cause of Plaintiffs' damages. All of AmGUARD's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

### FRAUD

50. All allegations above are incorporated herein.

51. AmGUARD is liable to Plaintiffs for common-law fraud.

52. Each and every misrepresentation described above-concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and AmGUARD knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

53. AmGUARD made the statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT
### BERKSHIRE HATHAWAY GUARD INSURANCE COMPANY

54. All paragraphs from the fact section of this petition are hereby incorporated into this section.

Copy from re:SearchTX

## BREACH OF CONTRACT

55. Berkshire is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Berkshireand Plaintiffs.

56. Berkshire's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Berkshire's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

57. Berkshire's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

58. Berkshire's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

59. Berkshire's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though AmGUARD's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

60. Berkshire's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law,

Copy from re:SearchTX

for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

61. Berkshire's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

62. Berkshire's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

63. Berkshire's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

64. Berkshire's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

65. Berkshire's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Berkshire knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

66. Berkshire's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code 17.41–63. Plaintiffs are a consumer of goods and services provided by Berkshirepursuant to the DTPA. Plaintiffs have met all conditions precedent to bring this cause of action against AmGUARD. Specifically, AmGUARD's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, Berkshirehave violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. AmGUARD's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B. Berkshire represented to Plaintiffs that the Policy and AmGUARD's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C. Berkshire represented to Plaintiffs that AmGUARD's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Berkshire advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

Copy from re:SearchTX

E. Berkshire breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. Berkshire's actions are unconscionable in that Berkshire took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Berkshire's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G. Berkshire's conduct, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

67. Each of the above-described acts, omissions, and failures of Berkshire is a producing cause of Plaintiffs' damages. All of Berkshire's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**FRAUD**

68. All allegations above are incorporated herein.

69. Berkshire is liable to Plaintiffs for common-law fraud.

70. Each and every misrepresentation described above-concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and Berkshire knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

Copy from re:SearchTX

71. Berkshire made the statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

### KNOWLEDGE

72. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

### WAIVER AND ESTOPPEL

73. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

### DAMAGES

74. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claims in violation of the laws set forth above.

75. Plaintiffs currently estimate that actual damages to the Property under the Policy are $78,019.06.

76. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which

Copy from re:SearchTX

include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

77. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

78. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and Tex. Bus. & Com. Code 17.50(b) (1).

79. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

80. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount AmGUARD owed, exemplary damages, and damages for emotional distress.

81. Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek

Copy from re:SearchTX

the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

82. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

83. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of $250,000.00 or greater, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

84. Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within thirty (30) days from the date the first answer is filed, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

Copy from re:SearchTX

85. Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Denton County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendants, AmGUARD Insurance Company and Berkshire Hathaway Guard Insurance Company be cited and served to appear and that upon trial hereof, Wazir Daredia and Waseem Daredia, recover from Defendants, AmGUARD Insurance Company and Berkshire Hathaway Guard Insurance Company such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for prejudgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show they so justly entitled.

Dated: May 2, 2022

Respectfully submitted,

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Joseph Milensky
Bar No. 24118231
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
**cwilson@cwilsonlaw.com**

Copy from re:SearchTX

**jmilensky@cwilsonlaw.com**
**eservice@cwilsonlaw.com**

Attorneys for Plaintiff

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gwen Hills on behalf of Chad Wilson
Bar No. 24079587
ghills@cwilsonlaw.com
Envelope ID: 64076489
Status as of 5/2/2022 9:37 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad Wilson | | cwilson@cwilsonlaw.com | 5/2/2022 9:24:21 AM | SENT |
| Joseph Milensky | | jmilensky@cwilsonlaw.com | 5/2/2022 9:24:21 AM | SENT |
| Chad T. Wilson | | eservice@cwilsonlaw.com | 5/2/2022 9:24:21 AM | SENT |
| Gwen Hills | | ghills@cwilsonlaw.com | 5/2/2022 9:24:21 AM | SENT |

Copy from re:SearchTX